UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ALBERT SMITH, JR., ) | |
| ) | C/A No.: 4:15-cv-1136-TER |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case is before the Court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District on consent of the parties. 28 U.S.C. § 636(c).

## I.  RELEVANT BACKGROUND

### A. Procedural History

The Plaintiff, Albert Smith, filed an application for DIB on April 11, 2011,

1

alleging disability beginning November 22, 2010. His application was denied at all administrative levels, and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on July 24, 2013, at which time the Plaintiff, Plaintiff's spouse, a friend of Plaintiff, and a vocational expert (VE) testified. The Administrative Law Judge (ALJ) issued an unfavorable decision on December 13, 2013, finding Plaintiff was not disabled within the meaning of the Act. (Tr. 8-29). On February 18, 2015, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). The Appeals Council's denial of Plaintiff's request for review made the ALJ's decision the Commissioner's final decision. Plaintiff filed this action on March 10, 2015, in the United States District Court for the District of South Carolina.

**B.**     **Plaintiff's Background and Medical History**

    **1.**     **Introductory Facts**

Plaintiff was born on January 2, 1964, and was 46 years old on the alleged onset date. Plaintiff has past relevant work as a forklift driver, truck driver, and general labor. Plaintiff has at least a high school education and alleges disability beginning November 22, 2010.

    **2.**     **Medical Records and Opinions**

The ALJ provided a detailed summary of the medical evidence, the various physicians' opinions, as well as Plaintiff's testimony, which the Court adopts to the

extent that it is consistent with this decision. Additional factual details will be added where necessary to address the issues raised by the parties.

### 2. The ALJ's Decision

In the decision of December 13, 2013, the ALJ found the following:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.

2. The claimant has not engaged in substantial gainful activity since November 22, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: broken facial bones, degenerative disc disease (DDD), degenerative joint disease (DJD) of upper left extremity (ULE) and cognitive disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with no climbing of ladders, ropes or scaffolds; occasional climbing of ramps or stairs; occasional balancing, stooping, kneeling, crouching and crawling; limited to occasional overhead reaching with left upper extremity; avoidance of unprotected heights and dangerous equipment. He is further limited to simple

3

>
> unskilled work.
>
> 6. The claimant is unable to perform any past relevant work. (20 CFR 404.1565).
>
> 7. The claimant was born on January 2, 1964, and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).
>
> 8. The claimant has at least a high school education an is able to communicate in English (20 CFR 404.1564).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from November 22, 2010, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 11-24).

## II. DISCUSSION

**A.     ARGUMENTS**

The Plaintiff argues that the ALJ erred in his decision, and that reversal and remand is appropriate in this case. Specifically, Plaintiff raises the following issues in his brief, quoted verbatim:

> I.     The ALJ erred in failing to honor the Treating Physician Rule
>
> II.    The ALJ erred in evaluating Plaintiff's credibility by citing the report of Dr. Depace, when Dr. Depace did not have Dr. Rogers' records.
>
> III.   The ALJ erred in failing to evaluate credibility properly to SSR 96-7p and Fourth Circuit case law.
>
> IV.    The ALJ erred in finding Plaintiff's residual functional capacity.

(Plaintiff's brief).

The Commissioner argues that the ALJ's decision is based on substantial evidence.

**B.     LEGAL FRAMEWORK**

**1.     The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. See, e.g., Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (discussing considerations and noting "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990); see Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

doing SGA. See 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d) (5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir.2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable

7

to perform other work. Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir.1981); see generally Bowen v. Yuckert, 482 U.S. 137, 146 n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987) (regarding burdens of proof).

### 2.    The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. See id.; Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Walls, 296 F.3d at 290 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990)).

The court's function is not to "try these cases de novo or resolve mere conflicts in the evidence." Vitek v. Finch, 438 F.2d 1157, 1157–58 (4th Cir.1971); see Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir.1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir.1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390, 401; Johnson v. Barnhart, 434 F.3d 650, 653 (4th

Cir.2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. See Vitek, 438 F.2d at 1157–58; see also Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir.1972).

## C.    ANALYSIS

By way of background, Plaintiff suffered direct trauma to his head on December 2, 2008, while at work when he was hit by a log on the left side of his face after it was ejected from a chipper. Plaintiff asserts that the ALJ erred in finding Plaintiff's residual functional capacity (RFC) by accommodating Plaintiff's admitted cognitive impairment solely by limiting him to unskilled work. The Defendant argues that the ALJ's RFC determination fully complied with the regulations and the Fourth Circuit's instructions in Mascio,

As set forth above, the ALJ found that Plaintiff has a cognitive disorder that is a severe impairment. Dr. Counts, treating physician, concluded that due to Plaintiff's condition, there would be interference with his attention and concentration needed to perform even simple tasks on a frequent basis. On August 3, 2012, the DDS mental health specialist reviewed the available medical evidence and opined that Plaintiff's

mental disorder caused moderate functional limitations in concentration, persistent and pace. The ALJ gave significant weight to this report.

In a recent decision, the Fourth Circuit held that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the RFC or the hypothetical question to the vocational expert to simple, routine tasks or unskilled work. Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir.2015). See also Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir.2011); Stewart v. Astrue, 561 F.3d 679, 684–85 (7th Cir.2009) (per curiam); Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir.2004); Newton v. Chater, 92 F.3d 688, 695 (8th Cir.1996). "As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter would account for a claimant's limitation in concentration, persistence, or pace." Id. at 638. In Mascio, the ALJ stated that he found Mascio's claims that she suffered from a limitation in concentration, persistence, and pace on account of pain "less credible" and did not include the limitation in the RFC or the hypothetical question to the vocational expert. The ALJ did not explain whether he found it partially or completely incredible. Id. The Fourth Circuit held that remand was therefore appropriate because the hypothetical was potentially incomplete. In this case, the ALJ specifically held the following:

> As for the opinions of the DDS mental health specialist (Exhibit 3A/7-8), the undersigned gives their opinions

> rather significant weight as well as they found that the claimant generally had moderate functional limitations in maintaining concentration, persistence and pace. These opinions are consistent with limiting the claimant to simple, unskilled work.

(Tr. 22).

As set forth above, the ALJ cited to several medical records in the decision to which he assigned significant weight with regard to this issue which concluded that Plaintiff had moderate limitations in concentration, persistence, or pace, but did not include such a limitation in the RFC.[3] Instead, the ALJ limited Plaintiff to simple unskilled work. Therefore, the RFC used in the hypothetical to the VE on which the ALJ relied was inconsistent with the ALJ's findings in this regard. In the first hypothetical to the VE with regard to mental/cognitive limitations, the ALJ limited the hypothetical person only to simple unskilled work. The VE listed several jobs Plaintiff could perform.[4] In the RFC, the ALJ found Plaintiff was limited to simple unskilled work and relied on the first hypothetical to find Plaintiff was not disabled. However,

---

[3] The Court notes that the assessment of severity at steps two and three does not equate to a specific RFC finding at steps four and five. See SSR 96-8p ("The adjudicator must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.")

[4] In the second hypothetical to the VE, the ALJ stated the hypothetical person had issues with pace, persistence, and concentration to the extent the person could not complete unskilled simple work. The VE found all jobs would be eliminated.

11

the functional area of "concentration, persistence and pace" refers to the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate" completion of work. 20 C.F.R. pt. 404, Subpart P, App. 1 § 12.00(c)(3).

To the extent that the Commissioner argues that the ALJ's RFC finding is adequate because it limits Plaintiff to unskilled work, this argument is not persuasive.[5] The consistency in the evidence of record, as previously discussed in detail, is that Plaintiff has moderate difficulties in maintaining concentration, persistence, and pace. Yet, the only evidence of these limitations that can be seen in the ALJ's RFC and hypothetical to the VE is his limitation to perform simple unskilled work, which is insufficient under the reasoning of Mascio. Just because the ALJ's RFC and hypothetical to the VE included that Plaintiff could perform unskilled work does not mean that this determination accounts for all of Plaintiff's limitations, as the Fourth Circuit has made clear. The ALJ's hypothetical to the VE should include all of

---

[5]The Court is not persuaded by the out of circuit case law cited by the Commissioner, in light of the Fourth Circuit's guidance on this issue in Mascio. Additionally, Defendant's post-hoc rationalization with respect to this issue cannot be considered by the Court. See Golembiewski v. Barnhart, 322 F.3d 912, 915-16 (7th Cir.2003) ("[G]eneral principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ."); Steel v. Barnhart, 290 F.3d 936 (7th Cir.2002) ("But regardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ.").

the claimant's limitations.[6] Simply accounting for some mental limitations does not satisfy review, especially where the ALJ explicitly noted a moderate difficulty and then failed to account for it.

Finally, the court does not in anyway suggest that Mascio creates a per se rule requiring remand when the ALJ fails to account for moderate difficulties in concentration, persistence, and pace in the RFC. The Fourth Circuit noted that the ALJ's error may be cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, and pace did not translate into a limitation in the claimant's RFC, but that remand is necessary absent such an explanation. Mascio, 780 F.3d at 638.  The Court finds that such an explanation is absent in the present case.

The decision should make clear that the ALJ considered Plaintiff's mental limitations in pace, persistence, and concentration and provide substantial evidence underlying the decision to exclude such limitations from the RFC. It does not do so, and thus precludes this court from meaningful review.  See generally, Hagedorn v.

---

[6]Because the ALJ asked the vocational expert a hypothetical question that failed to include or otherwise implicitly account for all of Plaintiff's impairments, the vocational expert's testimony is not "substantial evidence" and cannot support the ALJ's conclusion that Plaintiff perform significant numbers of jobs in the national economy.  See generally, Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1181 (11th Cir. 2011).

Colvin, No. 2:12CV85 RLV, 2015 WL 4410288, at *3 4 (W.D.N.C. July 20, 2015) (conducting a Mascio analysis specific to the facts of that case).

In light of the court's finding that this matter should be remanded for further consideration, the court need not address Plaintiff's remaining issues related to the ALJ's evaluation of the treating physician's opinion and Plaintiff's credibility. See Boone v. Barnhart, 353 F.3d 203, 211 n. 19 (3d Cir.2003) (remanding on other grounds and declining to address claimant's additional arguments). Upon remand, the ALJ should take into consideration Plaintiff's remaining allegations of error and appropriately evaluate the opinions of Dr. Rogers taking into account that he saw Plaintiff on more than one occasion and the conclusions of treating physician Dr. Counts that supported Dr. Rogers opinion. Additionally, the ALJ should conduct an appropriate credibility analysis taking into account that Dr. Depace did not have the benefit of Dr. Roger's report regarding cognitive disorder, which the ALJ found to be a severe impairment. In his report, Dr. Depace found there was no data to confirm cognitive disorder thus leading to a conclusion that Plaintiff was not credible during his evaluation and testing.[7]

---

[7] During the examination by his attorney at the hearing, Plaintiff testified that he was not currently seeing any doctors, he did not have any private health insurance, and he did not feel like he received the care he should have received as a result of his Worker's Compensation claim. Dr. Rogers opined that Plaintiff's cognitive functioning had deteriorated and stating "I made a recommendation to Workers' Compensation on July 20, 2009 that Mr. Smith be enrolled in a traumatic brain injury program. It is apparent that to date, this type of therapy has not been

## III.  CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented.  Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c)

---

provided and that the failure of providing therapy has resulted in additional impairment." (Tr. 491). The ALJ did not question Plaintiff regarding his finances. However, in the decision discounting Plaintiff's credibility, the ALJ stated that "[s]ince March 2013, the evidence does not show that he has received any type of consistent follow up care. While the undersigned can appreciate that a lack of finances or insurance might play a role in his inability to seek routine medical care, this alone is insufficient to find disability." Further, the ALJ noted that while Plaintiff had received some care from a neurologist, overall, he had not been able to receive much medical care for his closed head injury as worker's compensation would not cover treatment for the closed head injury. Proper analysis should also include Plaintiff's ability to afford treatment. It is well settled that a claimant for Social Security benefits should not be "penalized for failing to seek treatment [he] cannot afford." Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir.1986). Social Security Ruling 96–7P expressly addresses the situation where a claimant asserts that she has not pursued medical treatment because of a lack of financial resources. See SSR 96–7P, 1996 WL 374186. In such a situation, the fact finder is admonished from drawing "any inferences about an individual's symptoms and their functional effects" from a failure to pursue medical treatment "without first considering any explanations that the individual may provide ...." Id. at 7. Among the examples provided by the Ruling is the situation where the claimant "may be unable to afford treatment or may not have access to free or low-cost medical services." Id. at *8. The ALJ has a duty to fully and fairly develop the record. See Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir.1986). The ALJ is required to inquire fully into each relevant issue.  Snyder v. Ribicoff, 307 F.2d 518, 520 (4th Cir.1962). Proper development of the record as set out above may impact the Commissioner's determination of Plaintiff's credibility, the RFC, and on the availability of Plaintiff to return to his past relevant work.

(3), it is,

ORDERED that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be **remanded** to the Commissioner for further administrative action as set out above.

AND IT IS SO ORDERED.

s/Thomas  E.  Rogers,  III
Thomas E. Rogers, III
United States Magistrate Judge

July 29, 2016
Florence, South Carolina